IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SIDNEY LAMAR SPOONHOUR,** | : | |
| Petitioner | : | No. 1:21-cv-01783 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **WILLIAM BECHTOLD, et al.,** | : | |
| Respondents | : | |

**MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2254 in which Petitioner Sidney Lamar Spoonhour ("Spoonhour") seeks habeas corpus relief based on an allegedly inordinate delay in a state collateral proceeding under Pennsylvania's Post-Conviction Relief Act ("PCRA"). The Court will dismiss the petition without prejudice, as habeas corpus relief may not be granted based on delays in a PCRA proceeding.

**I.    BACKGROUND**

On October 24, 2012, Spoonhour pleaded guilty to one count of driving under the influence of alcohol, one count of fleeing or attempting to elude an officer, and two counts of recklessly endangering another person in the Court of Common Pleas of Franklin County. (Doc. No. 1; see also Commmonwealth v. Spoonhour, No. CP-28-CR-0001372-2012 (filed July 20, 2012).) Spoonhour did not file a direct appeal of his conviction, but at some point after his conviction he asserts that he challenged the conviction through a petition for state collateral relief under the PCRA.[1] (Doc. No. 1 at 5.) According to Spoonhour, his PCRA petition is still pending before the Court of Common Pleas. (Id.) Spoonhour seeks habeas corpus relief based on what he characterizes as an "inordinate delay" in processing the PCRA petition. (Id.)

---

[1] It is not clear from the docket of Spoonhour's underlying criminal case that a PCRA petition was ever filed.

## II.     LEGAL STANDARD

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief.  See 28 U.S.C. § 2254 Rule 4.

## III.    DISCUSSION

Dismissal of this case under Rule 4 is appropriate because Spoonhour seeks habeas corpus relief solely based on delays in his PCRA petition, which is not a cognizable claim in a federal habeas corpus petition.  See Hassine v. Zimmerman, 160 F.3d 941, 953-54 (3d Cir. 1998); Heiser v. Ryan, 15 F.3d 299, 307 (3d Cir. 1994).  A court's delay "in processing a collateral claim does not make the continued imprisonment of the defendant unlawful, and hence, does not warrant federal habeas corpus relief."  See Hassine, 160 F.3d at 954 (internal alterations omitted) (quoting Montgomery v. Meloy, 90 F.3d 1200, 1206 (7th Cir. 1996)).  Thus, although excessive delays in processing a collateral claim may violate a petitioner's due process rights in certain circumstances, "the petitioner's remedy" for such a violation, "if any, is through such avenues as a lawsuit for damages or a writ of mandamus rather than through the habeas corpus proceeding itself."  See id.[2]

---

[2] The Court notes that "inexcusable or inordinate delay" by a state court in processing a PCRA petition may be grounds to excuse a petitioner's obligation to exhaust state court remedies under § 2254, see Cristin v. Brennan, 281 F.3d 404, 411 (3d Cir. 2002); accord Kozak v. Pennsylvania, No. 3:12-CV-01153, 2012 WL 4895519, at *4 (M.D. Pa. Oct. 15, 2012), but the Court does not construe Spoonhour's petition as making such an argument.  Spoonhour's petition does not make any independent arguments for habeas corpus relief based on alleged constitutional violations during his underlying criminal proceeding.  (Doc. No. 1.)  Rather, the petition seeks relief solely based on the allegedly inordinate delay in processing his PCRA petition.  (Id.)

2

## IV. CONCLUSION

For the foregoing reasons, Spoonhour's petition will be dismissed without prejudice. A certificate of appealability will not issue because jurists of reason would not debate whether Glenn states a valid claim of a denial of a constitutional right or whether the court's procedural ruling is incorrect. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appropriate Order follows.